IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHEILA DANIELS,

Case No. 16-cv-257-pp

Claimant,

v.

CAROLYN W. COLVIN,

Respondent.

**ORDER GRANTING CLAIMANT'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 3)**

On March 2, 2016, Sheila Daniels, by her attorney, David Dreis, filed a complaint for review of the final decision of the commissioner of the Social Security Administration. Dkt. No. 1. She also filed a motion to proceed *in forma pauperis*. Dkt. No. 3.

A district court may authorize a claimant to proceed *in forma pauperis*—meaning that she does not have to pre-pay the $400 filing fee to start a civil lawsuit—if the claimant submits an affidavit listing her assets, indicating that she in unable to pay the fee, and stating her belief that she is entitled to the relief she seeks. 28 U.S.C. §1915(a). A district court has the discretion to order a plaintiff to pay a portion of the filing fee, and to waive the remainder when it finds that the plaintiff cannot pay the full expenses but can pay part of it. See Longbehn v. United States, 169 F.3d 1082, 1083 (7th Cir. 1999).

The claimant's Petition and Affidavit to Proceed Without Prepayment of Fees and/or Costs indicates the claimant is not married and that she does not

1

have any dependents. Dkt. No. 3 at 2. The claimant receives $185.00 in monthly public assistance and has no other source income. Id. at 2-3. She does not own any assets and does not have any bank accounts. Id. at 3. The claimant lives with her sister, "who is employed as [an] MPS school teacher." Id. at 5. Therefore, she does not spend any of her monthly income on rent, on a mortgage, or on any utilities. Id. at 4. Her $185.00 in monthly income goes toward groceries, and she does not list any other monthly expenses. Id.

The information contained in the claimant's request, signed under the penalty of perjury, demonstrates that she has just enough money to pay her monthly expenses, and so does not have the funds to pay the filing fee.

The next step is for the court to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)).

A claimant may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Circ. 2013).

In her complaint, the claimant states, "The conclusions and findings of fact of the defendant are not supported by substantial evidence and are contrary to law and regulation." Dkt. No. 1 at ¶7. The claimant may have "new evidence" that is "material and good cause exists for not presenting this

2

evidence to the ALJ." Id. at ¶8. The claimant asks the defendant to "reopen the claim in light of the new evidence." Id. In the alternative, she asks this court to find "that the Appeals Council's refusal to consider the new evidence was based on a mistake of law." Id. The court concludes that there may be a basis in law or fact for the claimant's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the claimant's motion to proceed *in forma pauperis*, and **WAIVES** the filing fee (Dkt. No. 3)

Dated in Milwaukee, Wisconsin this 17th day of March, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge